SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
tkennedy@sheppardmullin.com
ROBERT MUSSIG, Cal. Bar No. 240369
rmussig@sheppardmullin.com
RYAN J. KRUEGER, Cal Bar No. 293994
rkrueger@sheppardmullin.com
TYLER JOHNSON, Cal Bar No. 307386
tjohnson@sheppardmullin.com
MICHAELA R. GOLDSTEIN, Cal. Bar No. 316455
mgoldstein@sheppardmullin.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3620
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendants
SPORTS MEDIA SERVICES, LLC
(ERRONEOUSLY NAMED AND
SERVED AS FOX CORPORATION),
FOX SPORTS HOLDINGS, LLC, FOX
SPORTS 1, LLC, FOX SPORTS 2, LLC,
and FOX SPORTS PRODUCTIONS,
LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NOUSHIN FARAJI, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOX CORPORATION, a Delaware corporation, FOX SPORTS HOLDINGS, LLC, a Delaware limited liability company, FOX SPORTS 1, LLC, a Delaware limited liability company, FOX SPORTS 2, LLC, a Delaware limited liability company, FOX SPORTS PRODUCTIONS, LLC, a Delaware limited liability company, CHARLIE DIXON, an individual, SKIP BAYLESS, an individual, JOY TAYLOR, an individual, and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br>LASC Case No. 25STCV00101<br><br>**DEFENDANT SPORTS MEDIA SERVICES, LLC'S (ERRONEOUSLY NAMED AND SERVED AS FOX CORPORATION) NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>[*Filed Concurrently with: Corporate Disclosure Statement; Notice of Interested Parties; and Declarations of Joy Dumlao and Michaela R. Goldstein in support of Defendant's Notice of Removal of Action*]<br><br>Complaint Filed: January 3, 2025<br>Trial Date:  None set |

-1-

SMRH:4931-1145-8833.6      DEFENDANT SPORTS MEDIA SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Sports Media Services, LLC (erroneously named and served as Fox Corporation) ("Sports Media") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California.

This Court has subject matter jurisdiction over Plaintiff's lawsuit. As explained by Curtis et al. v. Irwin Industries, Inc., 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement." In Curtis, the Court explained, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements … is preempted under § 301." Id. at 1155 (internal citation omitted for clarity). Here, removal is proper based on these grounds, as set forth more fully below.

## BACKGROUND

1. Plaintiff began her employment with Sports Media on August 18, 2013 as a freelance hair stylist. Declaration of Joy Dumlao ("Dumlao Decl."), ¶ 2. Plaintiff remains employed as a freelance hair stylist and is eligible for future assignments. Id. Her last day worked at Sports Media was August 2, 2024. Id.

2. Since at least August 18, 2013, as part of her employment at Sports Media, Plaintiff was a member of the IATSE Local 706 – Group B – Makeup & Hair - Fox Sports Union ("IATSE Local 706"). Dumlao Decl., ¶ 3. As a member of this union, the terms and conditions of Plaintiff's work were subject to a collective bargaining agreement ("CBA"). Id. A true and correct copy of the CBA in effect

between IATSE Local 706 and Sports Media Services, LLC beginning October 1, 2019 through September 30, 2022, is attached to the concurrently filed Declaration of Joy Dumlao and marked "**Exhibit A**." Dumlao Decl., at ¶ 3 & Exhibit A. A true and correct copy of the CBA in effect between the IATSE Local 706 and Sports Media Services, LLC effective October 1, 2022 through September 30, 2026, is attached to the concurrently filed Declaration of Joy Dumlao and marked "**Exhibit B**." Dumlao Decl., at ¶ 3 & Exhibit B. The CBAs expressly provide for the wages, hours of work, including overtime, and working conditions of employees. Dumlao Decl., at ¶ 3 & Exhibit A, at pp. pp. 11-31 (working conditions), 17-19 (hours of work, including overtime), 15-16, 48-50 (compensation); Id. at ¶ 3 & Exhibit B, at pp. 12-32 (working conditions), 18-19 (hours of work, including overtime), 16, 52-55 (compensation).

   3. On or about January 3, 2025, Plaintiff filed a proposed class action complaint against Defendant Sports Media, as well as Defendants Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, Fox Sports Productions, LLC, Charlie Dixon, Skip Bayless, and Joy Taylor (collectively "Defendants") in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV00101 (the "Complaint"). A true and correct copy of the Complaint is attached to the concurrently filed Declaration of Michaela R. Goldstein and marked "**Exhibit C**."

   4. On January 7, 2025, Sports Media was served with Plaintiff's Complaint by personal service. A true and correct copy of the Proof of Service for Sports Media is attached to the concurrently filed Declaration of Michaela R. Goldstein and marked "**Exhibit D**."

   5. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendants, on behalf of a proposed class of all non-exempt employees of Defendants who worked in California at any time since January 3, 2021. Specifically, Plaintiff brings claims for: (1) failure to pay

minimum wages; (2) failure to pay overtime; (3) failure to reimburse business expenses; (4) failure to pay all wages upon separation; (5) failure to furnish accurate itemized wage statements; (6) unfair, unlawful, or fraudulent business practices; (7) sexual battery, (8) hostile work environment (sex/gender); (9) hostile work environment (race/national origin); (10) hostile work environment (disability); (11) failure to prevent harassment; (12) negligent supervision, hiring, and retention; (13) retaliation; and (14) wrongful termination. See generally Declaration of Michaela R. Goldstein ("Goldstein Decl."), at ¶ 2 & Exhibit C.

6. Sports Media filed and served its answer to Plaintiff's Complaint in state court on February 4, 2025, prior to filing and serving this Notice of Removal. Pursuant to Sports Media's affirmative defenses, Sports Media contends Plaintiff's overtime claim is preempted by the Labor Management Relations Act. A true and correct copy of Sports Media's Answer is attached to the concurrently filed Declaration of Michaela R. Goldstein as "**Exhibit E**."

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

## LMRA PREEMPTION UNDER 29 U.S.C. § 185

8. Plaintiff's overtime claim in the Complaint is completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a). See Curtis, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted

by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

9. As her second cause of action, Plaintiff alleges that Defendants failed to pay daily overtime (i.e. overtime for hours worked over 8 in a day) and weekly overtime (i.e. overtime for hours working over 40 in a week) pursuant to Labor Code section 510. Goldstein Decl., at ¶ 2 & Exhibit C, ¶ 117. However, Labor Code section 510 is inapplicable because the CBAs governing Plaintiff's employment meet all the requirements of Labor Code section 514. Cal. Lab. Code § 514 ("[Labor Code] Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement…")

10. Pursuant to the ruling in Curtis and 29 U.S.C. §185, Plaintiff's claim is controlled by the CBAs that were in effect during her employment. Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted. See generally 29 U.S.C. §185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Accordingly, this Court has original jurisdiction over the overtime claim in this action.

## SUPPLEMENTAL JURISDICTION

11. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining wage-related state law causes of action, because they are predicated on and directly related to Plaintiff's claim for alleged failure to pay overtime, which is preempted pursuant to 29 U.S.C. § 185. See, e.g., Goldstein Decl., at ¶ 2 & Exhibit C, at ¶¶ 112, 124, 128, 130, 134, 140. In addition, the Court has supplemental jurisdiction over Plaintiff's remaining non-wage-related state law causes of action because they are within the scope of the same collective bargaining

agreements at issue and because they are inextricably intertwined with Plaintiff's claim for alleged failure to pay overtime.  See, e.g., Goldstein Decl., at ¶ 2 & Exhibit C, at ¶¶ 17, 39, 58-64 (discussing allegedly inappropriate text conversations with Mr. Bayless, which likewise form the basis of Plaintiff's overtime claim).  Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution.  As such, supplemental jurisdiction is appropriate.

**VENUE**

12. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

**JOINDER**

13. Defendants Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, Fox Sports Productions, LLC, Charlie Dixon, Skip Bayless, and Joy Taylor have consented to, and/or joined in, this Notice of Removal.

**NOTICE OF REMOVAL**

14. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

15. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Sports Media or filed by Sports Media are attached hereto as the following exhibits, including: the Complaint, summons, civil case cover sheet, and order assigning the action to the Honorable Laura A. Seigle (Goldstein Decl., at ¶ 2 & Exhibit C), the Proof of Service of Summons to Sports Media (Id. at ¶ 3 & Exhibit D), Sports Media's Answer to the Complaint (Id. at ¶ 4 & Exhibit E), the Initial Status Conference Order (Id. at ¶ 5 & Exhibit F), and Skip Bayless's Answer (Id. at ¶ 6 & Exhibit G).

**WHEREFORE**, Sports Media requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: February 5, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Tyler Johnson*
TRACEY A. KENNEDY
ROBERT MUSSIG
RYAN J. KRUEGER
TYLER JOHNSON
MICHAELA R. GOLDSTEIN

Attorneys for Defendants
SPORTS MEDIA SERVICES, LLC (ERRONEOUSLY NAMED AND SERVED AS FOX CORPORATION), FOX SPORTS HOLDINGS, LLC, FOX SPORTS 1, LLC, FOX SPORTS 2, LLC, and FOX SPORTS PRODUCTIONS, LLC