# EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 17

| | |
|---|---|
| **25STCV00101** | January 22, 2025 |
| **NOUSHIN FARAJI vs FOX CORPORATION, et al.** | 2:01 PM |

Judge: Honorable Laura A. Seigle      CSR: None
Judicial Assistant: Renika Lindsey       ERM: None
Courtroom Assistant: Valerie Gaytan    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Complex Determination

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 04/22/2025 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Spring Street Courthouse, Department 17

| | |
|---|---|
| **25STCV00101** | January 22, 2025 |
| **NOUSHIN FARAJI vs FOX CORPORATION, et al.** | 2:01 PM |

| | |
|---|---|
| Judge: Honorable Laura A. Seigle | CSR: None |
| Judicial Assistant: Renika Lindsey | ERM: None |
| Courtroom Assistant: Valerie Gaytan | Deputy Sheriff: None |

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 17

**25STCV00101**  January 22, 2025
**NOUSHIN FARAJI vs FOX CORPORATION, et al.**  2:01 PM

Judge: Honorable Laura A. Seigle  CSR: None
Judicial Assistant: Renika Lindsey  ERM: None
Courtroom Assistant: Valerie Gaytan  Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

**FILED**
Superior Court of California
County of Los Angeles

JAN 22 2025

David W. Slayton, Executive Officer/Clerk of Court
By: R. Lindsey, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

NOUSHIN FARAJI

  Plaintiff,

vs.

FOX CORPORATION, et al.

  Defendant.

) Case No. 25STCV00101
)
) INITIAL STATUS CONFERENCE ORDER
) (COMPLEX CASES/CLASS ACTIONS)
)
)
)
)
) Dept. 17
) Spring Street Courthouse
) Hon. Laura A. Seigle
)
)
)
)

This Initial Status Conference Order (Complex / Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes other provisions which are not repeated in this Order. Counsel should review that Minute Order carefully to be fully informed of your obligations and the processes used in the Los Angeles Superior Court Complex Courtrooms.

Pending further order, the following is ordered:

I. **Initial Status Conference**

Counsel for all parties shall appear for an Initial Status Conference ("ISC") per the Minute

1 | Order served concurrently herewith.
2 |     Counsel representing a party at the ISC or any other status conference should be fully familiar
3 | with the facts as then understood and be able to make binding agreements respecting case
4 | management.
5 |     Parties presently engaged in mediation or who have a secured a date with a mediator for
6 | mediation may stipulate to one continuance of the ISC, provided they also agree upon an e-service
7 | provider, as set forth in Item 8, below, and include the name of the provider and the date of the
8 | mediation in their Stipulation for Continuance. It is expected that parties using this procedure will
9 | timely exchange such information as is necessary to have a productive mediation and that the
10 | mediation will go forward as scheduled.
11 |     At the ISC, the Court will discuss case management, set dates for motions, and invite the
12 | parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary
13 | expenditures of time. Counsel attending shall be prepared to address these issues.
14 |     At least ten (10) days prior to the ISC, all counsel shall meet, preferably by use of telephone
15 | and/or video technology, to discuss case management. Plaintiff's counsel shall take the lead in
16 | preparing a joint ISC Statement and ensuring that it is filed at least five (5) court days prior to the
17 | ISC. To the extent the parties are unable to agree on a joint submission, each party may separately
18 | present a brief statement of its position. If any party who has been served with this Order declines to
19 | participate, all other parties shall file an ISC statement.
20 |     The ISC Statement shall contain the following in the following order:
21 |     1.    A succinct description of the facts of the case as then known. In wage and hour cases
22 |         the nature of the employee's work, the employer's business, and the specific factual
23 |         bases for claims under the Labor Code shall be provided. Citations to relevant statutes
24 |         and pending appellate cases that may impact the case shall be provided.
25 |     2.    A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial
26 |         reference that any party intends to raise and the meet and confer efforts to date on
27 |         these issues. Prior to the ISC any party seeking arbitration shall have provided a copy
28 |         of the applicable agreement to arbitrate to the opposing party and a decision should

have been made as to whether a motion to compel arbitration will be filed. Dates for any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to arbitration will be set at the ISC.

3. Counsel should address issues such as an agreement to share the cost of class notice/opt out procedures, the adequacy of class representatives, and potential conflicts of interest among class representatives.

4. Whether the action incorrectly identifies the name of any party and whether any party intends to add parties or causes of action by way of amendment, cross-complaint, or the like.

5. The names, addresses, telephone, email, and facsimile numbers of all counsel and the parties they represent.

6. Any basis for the Court's recusal or disqualification.

7. A discussion of the identity of entities or persons other than those shown in the pleadings that may have a significant financial or other interest in the proceedings.

8. A joint recommendation for an e-service provider for inclusion in the Court's order for initiation of e-service. The parties must employ an agreed e-service provider. The parties shall identify the appointed e-service provider in the caption of each filing.

9. A brief description of any related cases pending in other courts or anticipated for future filing.

10. Whether there is insurance coverage for the dispute.

11. A plan to preserve evidence, to deploy a uniform system for identification of documents, and to protect confidentiality by, for example, executing a protective order.

12. A preliminary discovery plan, with dates, reflecting the parties' consideration of phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as a predicate to an important early ruling or meaningful participation in an early mediation. In class actions, the parties should address whether discovery should initially be limited to class certification issues.

13. Where appropriate, the parties should outline a process for managing discovery of electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism for and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for trial, filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing other anticipated motions.

17. A recommended date for the next Status Conference.

## II. Reminders And Other Information

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances. Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom. Please speak slowly and pause frequently. Each counsel should advise the

1  others at least 24 hours in advance as to whether an appearance will be remote or in person.

4. Any message on the message board for the Court should be joint and neutral in tone. Absent good cause shown no unilateral postings are appropriate.

5. In the ordinary course, discovery motions will not be heard without an Informal Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel may arrange for an IDC by jointly posting a request on the e-service provider's message board. If all counsel are not in agreement, counsel may request an IDC by filing LACIV094. Unilateral requests for IDC by message board are not appropriate.

6. Specific direction as to the matters to be provided to the Court for the IDC and the timing of same will be given at the time the IDC is arranged and may vary depending on the nature of the dispute. Unless otherwise ordered, IDC are held by LACourtConnect and off the record.

7. It is the responsibility of all counsel to notify the Court promptly of any related case and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This responsibility is on-going. A Notice of Related Case may be filed prior to the stay being lifted in this action.

8. Posting documents to the e-service provider does not constitute filing a document. See the Minute Order for further terms re efiling.

9. Counsel desiring a protective order should consult the model on the court's website and provide a redlined copy if deviations are made from same. See "Helpful Guidance From the Complex Litigation Judges" on the Complex Litigation webpage link provided in the Minute Order.

10. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure § 583.310 unless the Court so orders.

11. The dismissal of a class action requires court approval. Cal. Rules of Court, Rule 3.770(a). Counsel must submit a declaration setting forth, among other things, the reasons why a party seeks a dismissal in a class action and any and all consideration

given in exchange for the dismissal.

12. Settlement of claims filed under the Private Attorney General Act (PAGA) (whether or not filed as part of a class action) require notice to the Labor and Workforce Development Agency. Labor Code § 2699 (l)(2). A noticed hearing, with proof of service to LWDA and a proposed Order, is required to secure approval of the settlement of a PAGA claim. Settlements that include dismissal of a PAGA claim require that the Court be advised of the specific terms of any release of the PAGA claim and the consideration, if any, for same.

13. To obtain approval of a class action settlement, the parties should consult the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators, as well as the posted model settlement agreements. See the link to same in the Minute Order served concurrently herewith.

## III. Notice of the ISC Order

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

DATED: 01/22/2025

_Laura Seigle_
LAURA A. SEIGLE
Judge of the Los Angeles Superior Court