# EXHIBIT G

MANATT, PHELPS & PHILLIPS, LLP
Robert H. Platt (Bar No. CA 108533)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
rplatt@manatt.com

Attorneys for Defendant
SKIP BAYLESS

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/04/2025 4:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NOUSHIN FARAJI, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOX CORPORATION, a Delaware corporation, FOX SPORTS HOLDINGS, LLC, a Delaware limited liability company, FOX SPORTS 1, LLC, a Delaware limited liability company, FOX SPORTS 2, LLC, a Delaware limited liability company, FOX SPORTS PRODUCTIONS, LLC, a Delaware limited liability company, CHARLIE DIXON, an individual, SKIP BAYLESS, an individual, JOY TAYLOR, an individual, and DOES 1 – 25, inclusive,<br><br>Defendants. | Case No. 25STCV00101<br><br>**DEFENDANT SKIP BAYLESS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   January 3, 2025 |

Defendant SKIP BAYLESS ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff NOUSHIN FARAJI ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation of the Complaint, and the whole thereof. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission to act on the part of Defendant, or on the part of any of Defendant's agents, servants, employees or representatives. Defendant further denies, generally and specifically, that Plaintiff is entitled to punitive damages in any sum or at all by reason of any act or omission to act on the part of Defendant, or on the part of any of Defendant's agents, servants, employees or representatives.

As a further answer to the Complaint, Defendant asserts the following affirmatives defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each purported cause of action therein, fails to state facts sufficient to state or constitute a claim against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

2. Some or all of Plaintiff's causes of action are barred, in whole or in part, to the extent she has failed to fully, timely, or properly exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

**(No Causation)**

3. No act or omission on the part of Defendant was a substantial factor in causing any damages to Plaintiff.

///

///

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

4. If any loss, injury, damage or detriment occurred as alleged in the Complaint, some or all of such loss would have been avoided if Plaintiff had made reasonable use of the preventive and corrective measures made available to her during her employment or had exercised due care and avoided such alleged harm. Accordingly, Plaintiff's recovery from Defendant, if any, should be barred or, in the alternative, reduced by the amount of damages that Plaintiff could have reasonably avoided.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Belief and Conduct)

5. At all relevant times, Defendant acted with a good faith belief that he had good cause to act as he did, and did not directly or indirectly perform any acts which would constitute a violation of any of Plaintiff's rights and, as a consequence, Plaintiff is not entitled to any damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance With Law)

6. Plaintiff's employer complied with all obligations under the law with respect to preventing harassment, handling employee complaints of harassment, and handling complaints about potential violations of law.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Illegal Intent)

7. At all relevant times, none of Defendant's acts were in bad faith, spiteful, malicious, or otherwise motivated by any ill-will or illegal intent. Instead, Defendant's acts were at all relevant times privileged, non-discriminatory, and/or non-retaliatory and taken in accordance with his rights accorded by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. Plaintiff's Complaint, and each purported claim therein, is barred to the extent that Plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set

forth therein.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches/Estoppel)**

9. Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches and/or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Pre-existing Condition)**

11. Plaintiff is not entitled to recover damages to the extent that any purported emotional distress or pain and suffering damages allegedly suffered by Plaintiff was caused by any pre-existing psychological or medical condition(s).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

12. Plaintiff's recovery, if any, should be barred or decreased to the extent she has failed to mitigate her damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Avoid Harm)**

13. Plaintiff's recovery, if any, should be barred or decreased to the extent that she has unreasonably failed to avoid harm.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

14. If Plaintiff suffered or sustained any damages or injury as a proximate result of the conduct of Defendant as alleged in the Complaint, such damages or injury were proximately caused or contributed to by the willful acts and/or negligence of Plaintiff, which bars or reduces Plaintiff's right to recover any damages against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

15. Defendant alleges that Plaintiff's claims are time-barred, in whole or in part, by the applicable statutes of limitation, including without limitation, California Code of Civil Procedure Sections 335, 335.1, 338, and 340 and Government Code §§ 12960 *et seq.* as applicable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justification)

16. Plaintiff's Complaint, and each purported cause of action therein, is barred on the ground that Defendant was justified in doing the acts alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

17. Defendant's liability for damages is limited by Civil Code Sections 1431.1 *et seq.* and Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for her alleged economic damages and noneconomic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Authorization/Ratification)

18. Some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, at all times, said persons or entities were acting without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

19. Plaintiff's recovery, if any, should be barred or decreased by the doctrine of after-acquired evidence.

///

///

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

20. Plaintiff's claims are barred and/or recovery is precluded because Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior, including, but not limited to, taking immediate and appropriate corrective action reasonably calculated to end the alleged unlawful employment practices.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Consent)**

21. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff consented, by words or conduct, to the conduct alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

22. Each of Plaintiff's causes of action is barred by the principle of unjust enrichment.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Supported)**

23. Plaintiff is not entitled to recover punitive damages because Defendant did not commit fraudulent, oppressive, malicious, willful, or egregious acts giving rise to liability, nor displayed reckless indifference to Plaintiff's rights.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Perform and Comply)**

24. Plaintiff's Complaint is barred by California Labor Code §§ 2854 and 2856 to the extent that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation as Exclusive Remedy)**

25. Some or all of Plaintiff's purported causes of action are barred, in whole or in part, to the extent that her exclusive remedy for workplace injuries, including emotional injuries, is set

forth in the Workers' Compensation laws of the State of California, including without limitation, California Labor Code Section 3200, *et seq*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Reduction for Workers' Compensation Benefits)**

26. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Vicarious Liability)**

27. Some or all of Plaintiff's purported causes of action are barred, in whole or in part, to the extent that the doctrine of *respondeat superior* does not apply because an employer can only be held liable for the torts of its employees only when the torts are "committed within the scope of the employment." *John Y. v. Chaparral Treatment Center, Inc.*, 101 Cal. App. 4th 565, 574 (2002). Defendant is not liable for any alleged wrongful conduct that falls outside the scope of employment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Offensive Contact)**

28. Some or all of Plaintiff's purported causes of action are barred, in whole or in part, to the extent that no sexual or offensive contact with Plaintiff resulted, directly or indirectly, nor was imminent fear of a harmful or offensive contact to Plaintiff caused.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Reservation of Presently Unknown Additional Affirmative Defenses)**

29. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

///

///

## THIRTIETH AFFIRMATIVE DEFENSE

### (Preemption)

30. Plaintiff's claims for relief are preempted under Federal law, including, but not limited to the National Labor Relations Act and the Labor Management Relations Act.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Compel Arbitration)

31. Plaintiff's claims for relief are to be adjudicated through an arbitration process pursuant to a collective bargaining agreement governing Plaintiff's employment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Non-Wavering)

### (Non waiver of Right to Compel Arbitration)

32. Defendant does not intend to waive, nor does it waive, any right to compel arbitration of the matters alleged in the Complaint based on any act taken by Defendant, including but not limited to, the filing of this answer.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Misjoinder of Parties and/or Claims)

33. Defendant has been misjoined in this action with other defendants and claims that do not arise out of the same transaction or occurrence; lack a common question of fact or law; and/or justice or fairness calls for severance.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety with prejudice;

2. That Defendant be awarded judgment in its favor against Plaintiff;

3. For costs of suit and attorneys' fees herein incurred; and

///

///

///

4. For such other and further relief as this Court may deem just and proper.

Dated: February 4, 2025         MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Robert H. Platt
    Robert H. Platt
    *Attorneys for Defendant*
    SKIP BAYLESS

# PROOF OF SERVICE

I, Rebecca Blake, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is 2049 Century Park East, Suite 1700, Los Angeles, CA 90067.

On February 4, 2025, I served the foregoing document described as:

**DEFENDANT SKIP BAYLESS' ANSWER TO PLAINTIFF's UNVERIFIED COMPLAINT**

on the interested parties in this action addressed as follows:

| ☒ | **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address rblake@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses as listed above. |
|---|---|

Rana Ayazi (SBN 329097)
rana@aacalifornia.com
Devin Abney (SBN 348607)
devin@aacalifornia.com
AYAZI ABNEY APC
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 432-2854

*Attorneys for Plaintiff
Noushin Faraji, individually,
and on behalf of others similarly situated.*

| ☒ | **(BY U.S. MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. |
|---|---|

Tracey A. Kennedy
SHEPPARD MULLIN
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Phone: (213) 617-4249
Fax: (213) 620.1398
Email: tkennedy@sheppardmullin.com

Joy Taylor
Laurie DeYoung
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017

Charles Dixon
John Ly
LIANG LY, LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on February 4, 2025, at Los Angeles, California.

*Rebecca Blake*
Rebecca Blake