UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1001 PA (JPRx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Noushin Faraji, et al. v. Fox Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **IN CHAMBERS — COURT ORDER**

Defendant Sports Media Services, LLC, which asserts that it was erroneously named as Fox Corporation ("Sports Media") has filed a Notice of Removal. According to the Notice of Removal, defendants Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, Fox Sports Productions, LLC, Charlie Dixon, Skip Bayless, and Joy Taylor have joined in and consent to the removal.

The Notice of Removal alleges that the Court possesses federal question jurisdiction over this action filed by plaintiff Noushin Faraji ("Plaintiff"). Specifically, according to the Notice of Removal, the Complaint's second claim, which alleges a claim for failure to pay overtime wages as required by California Labor Code section 510, is preempted by the Labor Management Relations Act ("LMRA"), because the terms and conditions of the employment of Plaintiff and the class she seeks to represent are governed by the terms of a collective bargaining agreement ("CBA"). Sports Media asserts in the Notice of Removal that because the overtime claim is preempted by the LMRA, it presents a federal question, and that the Court possesses supplemental jurisdiction over the Complaint's remaining class and individual claims pursuant to 28 U.S.C. § 1367.

Depending on Plaintiff's assessment of the continuing viability and value of the overtime claim, and should Plaintiff wish to return to Los Angeles County Superior Court without triggering the expense of litigating a Motion to Remand, costly proceedings to determine whether the overtime claim is in fact preempted, or any other additional proceedings in this Court, Plaintiff could file an Amended Complaint that drops the overtime claim. Dropping the overtime claim would deprive the Court of subject matter jurisdiction or supplemental jurisdiction over the remaining claims and provide the Court with no alternative but to remand the action to Los Angeles County Superior Court. See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, __, __ S. Ct. __, 2025 WL 96212, at *5 (Jan. 15, 2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1001 PA (JPRx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Noushin Faraji, et al. v. Fox Corporation, et al. | | |

depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.").

      Here, according to the Notice of Removal, Sports Media filed its Answer on February 4, 2025. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff may file an Amended Complaint within 21 days after service of that Answer. Should Plaintiff file an Amended Complaint that drops the overtime claim, and does not assert a new federal claim, by no later than February 25, 2025, the Court would automatically remand this action to Los Angeles County Superior Court, and the parties would not have to participate in the preparation of a Federal Rule of Civil Procedure 26(f) Joint Report.

      IT IS SO ORDERED.