1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   TRACEY A. KENNEDY, Cal Bar No. 150782
3  tkennedy@sheppardmullin.com
   ROBERT MUSSIG, Cal. Bar No. 240369
4  rmussig@sheppardmullin.com
   RYAN J. KRUEGER, Cal Bar No. 293994
5  rkrueger@sheppardmullin.com
   (*Continued on next page*)
6
   Attorneys for Defendants
7  SPORTS MEDIA SERVICES, LLC
   (erroneously named and served as
8  FOX CORPORATION), FOX SPORTS
   HOLDINGS, LLC, FOX SPORTS 1,
9  LLC, FOX SPORTS 2, LLC, and FOX
   SPORTS PRODUCTIONS, LLC
10
                    UNITED STATES DISTRICT COURT
11
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
12

| | |
|---|---|
| 13  NOUSHIN FARAJI, individually, and on behalf of others similarly situated,<br><br>14<br><br>15                    Plaintiff,<br><br>16          v.<br><br>17  FOX CORPORATION, a Delaware corporation, FOX SPORTS HOLDINGS, LLC, a Delaware limited liability company, FOX SPORTS 1, LLC, a Delaware limited liability company, FOX SPORTS 2, LLC, a Delaware limited liability company, FOX SPORTS PRODUCTIONS, LLC, a Delaware limited liability company, CHARLIE DIXON, an individual, SKIP BAYLESS, an individual, JOY TAYLOR, an individual, and DOES 1-25, inclusive,<br><br>24                    Defendants. | Case No. 2:25−cv−01001−PA−JPR<br>Assigned to: Hon. Percy Anderson<br><br>**DEFENDANTS SPORTS MEDIA SERVICES, LLC (ERRONEOUSLY NAMED AND SERVED AS FOX CORPORATION), FOX SPORTS HOLDINGS, LLC, FOX SPORTS 1, LLC, FOX SPORTS 2, LLC, and FOX SPORTS PRODUCTIONS, LLC's NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declarations of Joy Dumlao, Request for Judicial Notice, and [Proposed] Order]<br><br>Hearing Date: March 24, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9A, 9th Floor<br>Complaint Filed: January 3, 2025<br>Removal: February 5, 2025 |

-1-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   TYLER JOHNSON, Cal Bar No. 307386
3  tjohnson@sheppardmullin.com
   MICHAELA R. GOLDSTEIN, Cal. Bar No. 316455
4  mgoldstein@sheppardmullin.com
   350 South Grand Avenue, 40th Floor
5  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
6  Facsimile: 213.620.1398

7  Attorneys for Defendants
   SPORTS MEDIA SERVICES, LLC
8  (erroneously named and served as
   FOX CORPORATION), FOX SPORTS
9  HOLDINGS, LLC, FOX SPORTS 1,
   LLC, FOX SPORTS 2, LLC, and FOX
10 SPORTS PRODUCTIONS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH
THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 24, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9A, 9th Floor, of the United States District Court, Central District of California, First Street Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Sports Media Services, LLC (erroneously named and served as Fox Corporation), Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC ("Defendants") will, and hereby do, move for an order (1) dismissing Plaintiff Noushin Faraji ("Plaintiff")'s second, fourth, fifth, and sixth causes of action on the grounds that they are preempted by Section 301 of the LMRA, or in the alternative, (2) compelling Plaintiff to comply with the Grievance and Arbitration process set forth in her Collective Bargaining Agreement, including complying with Steps One, Two, (and ultimately, if Steps One and Two are unsuccessful), Step Three, which requires her to submit her second, fourth, fifth, and sixth causes of action to arbitration on an individual basis, (3) dismissing those claims, including the class portion of those claims, from this litigation with prejudice, and (4) staying the litigation of Plaintiff's first, third, and seventh through fourteenth causes of action pending the outcome of the individual arbitration.  This motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

This motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on February 10 and 21, 2025, and the parties were unable to reach an agreement.

This Motion is based on this Notice of Motion and Motion, accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Joy Dumlao filed concurrently herewith, including all exhibits thereto, all of the pleadings, papers and records on file herein, all matters upon which judicial notice may be taken, any oral argument that may be presented at the

1  hearing, and upon such other matters and other evidence as this Court deems just

2  and necessary.

3

4  Dated:  February 21, 2025

5                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7              By

8                              TRACEY A. KENNEDY
                                ROBERT MUSSIG
9                              RYAN J. KRUEGER
                                TYLER JOHNSON
10                             MICHAELA R. GOLDSTEIN

11

12                             Attorneys for Defendants
                                SPORTS MEDIA SERVICES, LLC
13                             (erroneously named and served as FOX
                                CORPORATION), FOX SPORTS
14                             HOLDINGS, LLC, FOX SPORTS 1, LLC,
                                FOX SPORTS 2, LLC, and FOX SPORTS
15                             PRODUCTIONS, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# <u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

I.      INTRODUCTION ................................................................................... 10

II.     STATEMENT OF RELEVANT FACTS ................................................ 11

    A.      Plaintiff's Employment With Sports Media Is Governed By A CBA ......................................................................................................... 11

    B.      The CBA Includes Procedural Requirements Plaintiff Must Comply With To Bring Forth A Grievance .......................................... 12

    C.      Plaintiff's Lawsuit and Procedural History ......................................... 12

III.    ARGUMENT ON MOTION FOR JUDGMENT ON THE PLEADINGS ........................................................................................ 13

    A.      Plaintiff's Overtime Claim Is Preempted ............................................ 13

    B.      Plaintiff's Derivative Claims Should Be Dismissed ............................ 14

IV.     ARGUMENT ON MOTION TO COMPEL ARBITRATION ...................... 14

    A.      Plaintiff Should Be Required To Comply With Steps 1 and 2 of the CBA's Arbitration Provision Before Proceeding to Arbitration .......................................................................................... 14

    B.      The FAA Governs Plaintiff's Arbitration Agreement .......................... 15

    C.      The FAA Favors Enforcing Arbitration Provisions, Including Those Within CBAs ............................................................................ 16

    D.      The CBA's Arbitration Provision Encompasses Plaintiff's Claims ................................................................................................... 17

    E.      The EFAA Does Not Prohibit Arbitration of Wage-And-Hour Class Claims ........................................................................................ 19

    F.      The CBA Does Not Contemplate Class Arbitration ............................ 21

    G.      The Arbitration Agreement Is Enforceable As To All Defendants ...... 22

    H.      Plaintiff's Remaining Claims Must Be Stayed Pending The Outcome Of The Individual Arbitration ............................................... 24

V.      CONCLUSION .................................................................................... 25

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

<u>14 Penn Plaza LLC v. Pyett</u>
    556 U.S. 247 (2009) ..............................................................................17

<u>Allied-Bruce Terminix Cos. v. Dobson</u>
    513 U.S. 265 (1995) ..............................................................................16

<u>Anderson v. Pitney Bowes, Inc.</u>
    2005 WL 1048700 (N.D. Cal. 2005)......................................................24

<u>Baldwin v. TMPL Lexington LLC</u>
    2024 WL 3862150 (S.D.N.Y. Aug. 19, 2024) .......................................20

<u>Chico v. Hilton Worldwide, Inc.</u>
    No. CV 14–5750–JFW, 2014 WL 5088240 (C.D. Cal. Oct. 7, 2014)..............22

<u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>
    207 F.3d 1126 (9th Cir. 2000) .........................................................16, 17

<u>Circuit City Stores, Inc. v. Adams</u>
    532 U.S. 105 (2001) ..............................................................................15

<u>Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union</u>
    23 F.4th 836 (9th Cir. 2022).............................................................17, 18

<u>Cortez v. Doty Bros. Equipment Co.</u>
    15 Cal.App.5th 1 (2017)........................................................................22

<u>Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.</u>
    No. 15-cv-719-BAS-JLB, 2016 WL 5720684 (S.D. Cal. Sept. 30, 2016)..........24

<u>e.g., Fernandez v. Debt Assistance Network, LLC</u>
    No. 19-cv-1442-MMA (JLB), 2020 WL 583973 (S.D. Cal. Feb. 6, 2020) .......22

<u>EEOC v. Waffle House, Inc.</u>
    534 U.S. 279 (2002) ..............................................................................15

<u>Garcia v. GMRI, Inc.</u>
    No. 12–cv–10152–DMG–PLA, 2013 WL 10156088 (C.D. Cal. May 17,
    2013)......................................................................................................23

SMRH:4921-8365-1613.4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH
THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

Green Tree Fin. Corp. v. Randolph
   531 U.S. 79 (2000) ................................................................................ 16

Han v. Synergy Homecare Franchising, LLC
   2017 WL 446881 (N.D. Cal. Feb. 2, 2017) ......................................... 24

Hong v. CJ CGV Am. Holdings, Inc.
   222 Cal. App. 4th 240 (2013) .............................................................. 16

Hughes v. S.A.W. Entm't, Ltd.
   No. 16-cv-03371-LB, 2019 WL 2060769 (N.D. Cal. May 9, 2019) ................ 23

Intel Corp. v. Advanced Micro Devices, Inc.
   12 F.3d 908 (9th Cir. 1993) ................................................................ 17

Juarez v. Calmet Servs., Inc.
   2022 WL 2101918 (C.D. Cal. Feb. 18, 2022) ............................... 13, 14

Knutsson v. KTLA, LLC
   228 Cal. App. 4th 1118 (2014) ........................................................... 14

Maharaj v. Charter Commc'ns, Inc.
   No. 20-cv-00064-BAS-LL, 2021 WL 5014352 (S.D. Cal. Oct. 27, 2021) ........ 24

Martinez v. Leslie's Poolmart, Inc.
   No. 8:14–cv–01481–CAS, 2014 WL 5604974 (C.D. Cal. Nov. 3, 2014) ......... 22

Mera v. SA Hosp. Grp., LLC
   675 F. Supp. 3d 442 (S.D.N.Y. 2023) ...................................... 19, 20, 24

Metropolitan Edison Co. v. NLRB
   460 U.S. 693 (1983) ............................................................................ 17

Miles v. Brusco Tug & Barge, Inc.
   2022 WL 956560 (E.D. Cal. Mar. 30, 2022), aff'd, No. 22-15588, 2023
   WL 8166781 (9th Cir. Nov. 24, 2023) ............................................... 15

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.
   460 U.S. 1 (1983) ................................................................................ 17

Perry v. Thomas
   482 U.S. 483 (1987) ............................................................................ 16

-7-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH
THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

Porch v. Masterfoods, USA, Inc.
  685 F. Supp. 2d 1058 (C.D. Cal. 2008), aff'd, 364 F. App'x 365 (9th Cir.
  2010) .............................................................................................................. 18

Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.
  559 U.S. 662 (2010) ................................................................................ 21, 22

Turner v. Tesla, Inc.
  686 F. Supp. 3d 917 (N.D. Cal. 2023) .......................................................... 20

University of Hawaii Professional Assembly v. Cayetano
  183 F.3d 1096 (9th Cir.1999) ....................................................................... 20

Vincent v. BMW of N. Am., LLC
  No. CV 19-6439 AS, 2019 WL 8013093 (C.D. Cal. Nov. 26, 2019) ............... 23

Winery, Distillery & Allied Workers Union, Local 186 v. E & J Gallo
  Winery, Inc.
  857 F.2d 1353 (9th Cir.1988) ....................................................................... 20

Wright v. Universal Maritime Serv. Corp.
  525 U.S. 70 (1998) ........................................................................................ 17

Statutes

9 U.S.C. § 2 ........................................................................................................ 15

9 U.S.C. § 3 ........................................................................................................ 24

9 U.S.C. § 4 ........................................................................................................ 19

9 U.S.C. § 401(1) ................................................................................................ 20

29 U.S.C. § 185 ................................................................................................... 13

Business & Professions Code § 17200 ......................................................... 12, 14

Ending Forced Arbitration Act ............................................................... 19, 20, 21

Fair Labor Standards Act .................................................................................... 19

Federal Arbitration Act, 9 U.S.C. § 1 ................................................................... 3

Labor Code § 510 ..................................................................................... 10, 13, 14

Labor Code § 514 ..................................................................................... 10, 11, 13

-8-

Labor Code § 2802 ............................................................................. 14

Labor Management Relations Act ................................................ 10, 14

Labor Management Relations Act § 301 ...................................... 3, 13

New York Labor Law ....................................................................... 19

Other Authorities

168 Cong. Rec. S624-01 .................................................................. 19

Local Rule 7-3 ................................................................................... 3

SMRH:4921-8365-1613.4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's complaint arises out of her employment as a Freelance Hair Stylist with Defendant Sports Media Services, LLC ("Sports Media").  As an employee of Sports Media, Plaintiff is a member of IATSE Local 706 – Group B – Makeup & Hair - Fox Sports Union ("IATSE Local 706").  As a member of this union, the terms and conditions of Plaintiff's work are subject to a collective bargaining agreement ("CBA").

Because of this valid CBA, Plaintiff's second cause of action for overtime is preempted by the Labor Management Relations Act.  Specifically, Plaintiff bases her overtime claim on Labor Code Section 510.  Complaint, ¶ 117.  However, employees like Plaintiff, who are subject to a valid CBA, are carved out from Labor Code Section 510 by Labor Code Section 514, which provides that "Sections 510 … ***do not apply*** to an employee covered by a valid collective bargaining agreement." Labor Code Section 514 (emphasis added).  This ***requires*** dismissal of Plaintiff's overtime claim, as well as all derivative claims based on the overtime claim.

In addition, the CBA includes a valid and enforceable arbitration provision which clearly and unmistakably requires Plaintiff to arbitrate all disputes related to payment of wages, including overtime.  Accordingly, even if Plaintiff's overtime and related claims were not dismissed (which they must be), Plaintiff is required to comply with the CBA to arbitrate those claims.

Accordingly, Defendants request that the Court enter an order dismissing Plaintiff's second cause of action, and her fourth, fifth, and sixth causes of action to the extent they are derivative of her overtime claim.  Alternatively, Defendants request that this Court enter an order compelling Plaintiff to comply with the CBA, including the arbitration agreement contained therein, compelling Plaintiff to arbitration on her second, fourth, fifth, and sixth claims on an individual basis, dismissing those claims, including the class portion of those claims, from this

-10-

litigation with prejudice, and staying the litigation of Plaintiff's first, third, and seventh through fourteenth claims pending the outcome of the individual arbitration.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Plaintiff's Employment With Sports Media Is Governed By A CBA

Plaintiff began her employment with Sports Media on August 18, 2013 as a freelance hair stylist.  Declaration of Joy Dumlao ("Dumlao Decl."), ¶ 2.  Plaintiff remains employed by Sports Media as a freelance hair stylist and is eligible for future assignments.  Id.  Plaintiff's last assignment with Sports Media was on August 2, 2024.  Id.

IATSE Local 706 entered into a CBA with Sports Media beginning October 1, 2019, which remained in effect through September 30, 2022, and a second CBA beginning October 1, 2022, which will remain in effect through September 30, 2026. Dumlao Decl., at ¶ 3 & Exhibits A, B; Request for Judicial Notice, Exs. A, B.  At all relevant times while employed by Sports Media, Plaintiff has been a member of IATSE Local 706.  Dumlao Decl., ¶ 3.  As a member of the bargaining unit, Plaintiff's employment is governed by the terms of the CBA between IATSE Local 706 and Sports Media, including terms pertaining to working conditions, wages, and hours of work.  Dumlao Decl., at ¶ 3 & Exhibit A, at pp. 11-31 (working conditions), 17-19 (hours of work, including overtime), 15-16, 48-50 (compensation); Id. at ¶ 3 & Exhibit B, at pp. 12-32 (working conditions), 18-19 (hours of work, including overtime), 16, 52-55 (compensation).

Importantly, the CBA specifically provides for the wages, hours of work, and working conditions of the employees.  Labor Code Section 514; Dumlao Decl., at ¶ 3 & Exhibit A, at pp. 11-31 (working conditions), 17-19 (hours of work), 15-16, 48-50 (wages); Id. at ¶ 3 & Exhibit B, at pp. 12-32 (working conditions), 18-19 (hours of work), 16, 52-55 (wages).  In addition, the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.  Labor

Code Section 514; Dumlao Decl., at ¶ 3 & Exhibit A, at pp. 15-18, 48-50 (overtime and regular hourly rates of pay); Id. at ¶ 3 & Exhibit B, at pp. 16-19, 52-55 (overtime and hourly rates of pay).

### B. The CBA Includes Procedural Requirements Plaintiff Must Comply With To Bring Forth A Grievance

The CBA includes Article 5.01, entitled "Grievance and Arbitration," which sets forth specific steps that Plaintiff must comply with in order to bring a claim. Dumlao Decl., at ¶ 3 & Exh. A, at p. 9, Exh. B, at p. 10. The provision requires that, if Plaintiff wishes to make a grievance, she first comply with Step One by notifying either the Company representative or Union representative of her attempt to settle a grievance. Id. Following her notification, the parties must hold a grievance meeting within ten business days in an attempt to settle the grievance. Id. If unsuccessful, the parties proceed to Step Two, which requires a grievance committee meeting to address Plaintiff's grievance. Id. If the parties are still unable to resolve the grievance, then, and only then, Plaintiff may initiate arbitration with the American Arbitration Association, pursuant to the Voluntary Labor Arbitration Rules in effect at the time. Id.

Plaintiff has failed to comply with any portion of Article 5.01, including a failure to comply with Steps One and Two, as well as a failure to commence arbitration pursuant to Step Three. Dumlao Decl., at ¶ 4.

### C. Plaintiff's Lawsuit and Procedural History

On January 3, 2025, Plaintiff filed a proposed class action Complaint, that also included individual claims, in Los Angeles Superior Court. For Plaintiff's proposed class claims, she alleged (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to reimburse business expenses, (4) failure to pay wages upon separation, (5) failure to furnish accurate itemized wage statements, and (6) violations of California Business and Professions Code Section 17200. For Plaintiff's individual claims, she alleged (7) sexual battery, (8) hostile work

-12-

environment (sex/gender), (9) hostile work environment (race/national origin), (10) hostile work environment (disability), (11) failure to prevent harassment, (12) negligent supervision, hiring, and retention, (13) retaliation, and (14) wrongful termination.

On February 4, 2025, Defendants Sports Media Services, LLC (erroneously named and served as Fox Corporation), Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC ("Defendants") filed their Answer to Plaintiff's Complaint.  Dkt. 1-2.  On February 5, 2025, Defendants removed on the grounds that Plaintiff's overtime claim is completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA).  Dkt. 1.

## III.  ARGUMENT ON MOTION FOR JUDGMENT ON THE PLEADINGS

### A.  Plaintiff's Overtime Claim Is Preempted

Plaintiff cannot allege an overtime claim based on Labor Code Section 510 or 511 (as alleged) because these provisions "***do not apply***" to Plaintiff or any employee covered by a CBA.  Specifically, Labor Code Section 514 provides that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Here, the CBA that covers Plaintiff and the class she seeks to represent satisfies the requirements of Section 514 because the regular hourly rate of pay exceeds California's minimum wage by at least 30 percent.  As a result, Plaintiff's second claim, which alleges a violation of Section 510, ***does not apply*** to Plaintiff, and state law therefore does not confer the right asserted by Plaintiff to overtime wages.  Instead, the source of that right can only be the CBA.  See Juarez v. Calmet Servs., Inc., 2022 WL 2101918, at *3 (C.D. Cal. Feb. 18, 2022) (Hon. Percy Anderson) (dismissing overtime claim on the grounds that there was a valid CBA, and therefore, Labor Section 510 did not apply to plaintiff).

### B.    Plaintiff's Derivative Claims Should Be Dismissed

Plaintiff's claims that are derivative of her preempted overtime claim should likewise be dismissed.[1]   Specifically, to the extent Plaintiff's fourth cause of action (for waiting time penalties), fifth cause of action (for wage statement violations), or sixth cause of action (for Business & Professions Code 17200) are based on Plaintiff's allegation that she, or the putative class, were not properly compensated for overtime, the claims themselves are preempted by the LMRA.  See Juarez v. Calmet Servs., Inc., 2022 WL 2101918, at *3 (Hon. Percy Anderson) (dismissing derivative claims for waiting time penalties, wage statement violations, and Business & Professions Code 17200 to the extent they were derivative of preempted claims).

## IV.    ARGUMENT ON MOTION TO COMPEL ARBITRATION

### A.    Plaintiff Should Be Required To Comply With Steps 1 and 2 of the CBA's Arbitration Provision Before Proceeding to Arbitration

If the Court does not dismiss Plaintiff's preempted claims outright, they should be compelled to arbitration.  As explained previously, Labor Code Section 510 does not apply to Plaintiff.  Accordingly, Plaintiff's *only* remedy for addressing her overtime allegations are through the CBA.  See Juarez v. Calmet Servs., Inc., 2022 WL 2101918, at *3 (Hon. Percy Anderson) (holding that "the source of [plaintiff's overtime claim] can only be the CBA.")  And, the CBA sets forth specific steps that Plaintiff must comply with in order to assert an overtime claim.

As an initial matter, Defendants request that the Court compel Plaintiff to comply with Steps 1 and 2 of the CBA.  Defendants have "a right pursuant to section 301(a) to compel compliance with the grievance process set forth in the collective bargaining agreement."  Knutsson v. KTLA, LLC, 228 Cal. App. 4th

---

[1] Defendants are not seeking dismissal of Plaintiff's first cause of action for failure to pay minimum wage or third cause of action for violations of Labor Code Section 2802.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

1118, 1128 (2014), as modified (Sept. 4, 2014); <u>see also</u> <u>Miles v. Brusco Tug &
Barge, Inc.</u>, 2022 WL 956560, at *3 (E.D. Cal. Mar. 30, 2022), aff'd, No. 22-15588,
2023 WL 8166781 (9th Cir. Nov. 24, 2023) (finding that the court would have the
authority to compel compliance with precursors of a duty to arbitrate set forth in a
CBA).

Here, Step One of the CBA clearly requires that "[t]he aggrieved party []
notify, in writing, stating the contract Article violated and facts giving rise to the
grievance, the designated Company representative or the Union representative, as
the case may be, and such persons shall meet within ten (10) business days
(excluding Saturdays, Sundays and holidays) in an attempt to settle the grievance."
Dumlao Decl., at ¶ 3 & Exh. A, at p. 9, Exh. B, at p. 10.  Plaintiff has failed to
comply with this requirement.  Dumlao Decl., at ¶ 4.  Likewise, Plaintiff has failed
to comply with Step Two (which requires a secondary grievance meeting), and
therefore, Plaintiff does not yet have the ability to even commence an arbitration.
Dumlao Decl., at ¶ 4.  Accordingly, the Court should order Plaintiff to comply with
Steps One and Two, and if resolution efforts fail, require Plaintiff to comply with
Step Three and initiate arbitration.

### B.    <u>The FAA Governs Plaintiff's Arbitration Agreement</u>

The FAA applies and compels the enforcement of a written arbitration
agreement if the agreement "evidenc[es] a transaction involving interstate
commerce."  <u>See</u> 9 U.S.C. § 2.  In <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105
(2001), the U.S. Supreme Court held that the phrase "involving commerce" must be
read expansively and includes contracts of employment, except for those involving
the "employment of transportation workers."  <u>Id.</u> at 113, 119; <u>EEOC v. Waffle
House, Inc.</u>, 534 U.S. 279, 289 (2002) ("Employment contracts, except for those
covering workers engaged in transportation, are covered by the [FAA].").

The arbitration agreement in Plaintiff's CBA is plainly subject to the FAA
because Defendants operate a nationwide television network and sports production

-15-

companies across the United States.  Dumlao Decl., at ¶ 5; <u>Hong v. CJ CGV Am. Holdings, Inc.</u>, 222 Cal. App. 4th 240, 251 (2013) (finding that the FAA applied because the defendant operated a "nationwide television network.")  In addition, Defendants operate offices outside of the state, regularly purchase substantial amounts in goods and services from businesses located outside of the state, and provide services to both California and non-California residents.  Dumlao Decl., at ¶ 5.  This evidence satisfies the interstate commerce requirement.  See <u>Allied-Bruce Terminix Cos. v. Dobson</u>, 513 U.S. 265, 282 (1995) (evidence that materials used by Allied-Bruce came from outside the state was sufficient to establish that the FAA applied to the parties' arbitration agreement).  Accordingly, the arbitration provision of the CBA is governed by the FAA.

## C. <u>The FAA Favors Enforcing Arbitration Provisions, Including Those Within CBAs</u>

The FAA embraces a strong public policy in favor of arbitration:

> [The FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. . . . [I]n enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.

<u>Perry v. Thomas</u>, 482 U.S. 483, 489 (1987) (citation and internal quotations omitted).  This "liberal federal policy favoring arbitration agreements" in effect creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of the [FAA]."  <u>Id.</u>  Thus, the FAA's liberal federal policy in favor of arbitration places arbitration agreements on equal footing with other contracts.  <u>Green Tree Fin. Corp. v. Randolph</u>, 531 U.S. 79, 90 (2000).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting <u>Dean Witter

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

<u>Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985)).  Accordingly, "questions of arbitrability must be addressed with a healthy regard of the federal policy favoring arbitration." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983).

It is well established that an employer and union can waive a bargaining unit employee's right to a judicial forum and compel the use of arbitration for adjudication of federal and state statutory claims. <u>14 Penn Plaza LLC v. Pyett</u>, 556 U.S. 247, 256 (2009).  The U.S. Supreme Court has held that an arbitration agreement in a collective bargaining agreement is enforceable as to individual statutory claims when the waiver of the right to sue in court is "clear and unmistakable." <u>Wright v. Universal Maritime Serv. Corp.</u>, 525 U.S. 70, 79-80 (1998); <u>Metropolitan Edison Co. v. NLRB</u>, 460 U.S. 693, 708 (1983).  Here, the CBA contains a clear and unmistakable waiver of the right to adjudicate "controversies and disputes" arising under the CBA in court, including disputes related to the payment of wages, including overtime wages.

### D.    The CBA's Arbitration Provision Encompasses Plaintiff's Claims

The FAA "leaves no place for the exercise of discretion by a district court," but instead mandates that courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been entered into.  <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting <u>Dean Witter Reynolds, Inc.</u>, 470 U.S. at 218.  Indeed, the Ninth Circuit has confirmed that federal law requires doubts about arbitrability to be resolved in favor of coverage under the relevant arbitration agreement.  <u>Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union</u>, 23 F.4th 836, 846 (9th Cir. 2022); <u>see also</u> <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 12 F.3d 908, 914 (9th Cir. 1993), citing <u>Volt Info. Sciences v. Leland Stanford Jr. U.</u>, 489 U.S. 468, 475- 76 (1989) ("[A]mbiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration.").  Moreover, it is "[t]he party contesting arbitrability [that]

SMRH:4921-8365-1613.4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

1    bears the burden of demonstrating how the language in the collective bargaining

2    agreement excludes a particular dispute from arbitration." Columbia, 23 F.4th 836

3    at 842 (9th Cir. 2022) (quoting Standard Concrete Prods., Inc. v. Gen. Truck

4    Drivers, Office, Food & Warehouse Union, Loc. 952, 353 F.3d 668, 674 (9th Cir.

5    2003)).  Plaintiff cannot meet that burden here.

6         Here, the CBA requires that Plaintiff arbitrate "[a]ll controversies and

7    disputes arising under the Agreement," including claims related to wages.  Dumlao

8    Decl., at ¶ 3 & Exh. A, at p. 9, Exh. B, at p. 10.  It is Plaintiff's burden to establish

9    that her claims are not covered by the arbitration provision.  Columbia, 23 F.4th 836

10   at 842 (9th Cir. 2022).  For the reasons set forth below, Plaintiff cannot meet her

11   burden with respect to the following four claims in her class action complaint: (2)

12   failure to pay overtime wages, (3) failure to pay all wages upon separation, (4)

13   failure to furnish accurate itemized wage statements, and (5) unfair, unlawful, or

14   fraudulent business practices.

15        As an initial matter, the CBA specifically sets forth rules regarding the

16   payment of wages and overtime wages, including rates of pay, timing of payment,

17   employees entitled to overtime, and workweek definitions.  Dumlao Decl., at ¶ 3 &

18   Exhibit A, at pp. 11-31 (working conditions), 17-19 (hours of work, including

19   overtime), 15-16, 48-50 (compensation); Id. at ¶ 3 & Exhibit B, at pp. 12-32

20   (working conditions), 18-19 (hours of work, including overtime), 16, 52-55

21   (compensation).  Accordingly, any dispute based on the payment of wages,

22   including minimum wages and overtime, is plainly a dispute arising under the CBA.

23   Moreover, Plaintiff's remaining claims for failure to pay all wages upon separation,

24   unfair business practices and inaccurate wage statements are derivative of Plaintiff's

25   other claims for payment of wages, and therefore, are likewise "controversies and

26   disputes arising under the Agreement."  Porch v. Masterfoods, USA, Inc., 685 F.

27   Supp. 2d 1058, 1075-1076 (C.D. Cal. 2008), aff'd, 364 F. App'x 365 (9th Cir. 2010)

28

-18-

(noting unfair business practices claim and inaccurate wage statement claim was derivative of wage claims).

In short, in light of federal law requiring disputes regarding the scope of an arbitration provision to be resolved in favor of coverage, even a cursory review of the allegations in Plaintiff's class action complaint make clear that, all of the claims outlined above must be compelled to individual arbitration pursuant to 9 U.S.C. § 4.

## E.    The EFAA Does Not Prohibit Arbitration of Wage-And-Hour Class Claims

Defendants anticipate that Plaintiff will attempt to avoid arbitration by claiming the Ending Forced Arbitration Act ("EFAA") prohibits arbitration of her wage-and-hour class claims.  Such an argument is misplaced for two reasons.

**First**, Plaintiff has made clear by her filing of a class action Complaint, that the wage and hour allegations allegedly happened to ***all non-exempt employees*** and were therefore entirely unrelated to Plaintiff's sexual harassment claims.  The EFAA was enacted to "provide[] survivors of sexual assault and sexual harassment with a choice between litigation and arbitration so their voices will not be silenced."  Defendants' Request for Judicial Notice, Ex. C (168 Cong. Rec. S624-01).  The legislature went to great efforts to not "destroy[] predispute arbitration agreements in all employment matters."  Id.  When discussing the EFAA, the legislature uniformly agreed that unrelated claims should be submitted to arbitration: "[s]o if you have got an hour-and-wage dispute with the employer, you make a sexual harassment, sexual assault claim, the hour-and-wage dispute stays under arbitration unless it is related. That is the goal."  Id.

Moreover, the only case in the United States addressing whether wage-and-hour class/collective claims are exempted from the EFAA granted the employer's motion to compel arbitration, finding that wage-and-hour class/collective claims must fall outside the purview of the EFAA because they are asserted on behalf of more than just Plaintiff.  In Mera v. SA Hosp. Grp., LLC, 675 F. Supp. 3d 442, 448

-19-

(S.D.N.Y. 2023), the plaintiff asserted sexual harassment claims on an individual basis and wage-and-hour class and collective claims under the New York Labor Law and FLSA on behalf of "all non-exempt employees ... [who] were subject to Defendant's decisions, policies, plans... culminating in a willful failure and refusal to pay them their proper wages." Id. at 448. The court granted the defendant's motion to compel arbitration of the class/collective wage-and-hour claims and stayed plaintiff's harassment claims pending arbitration, noting that the only claims based on ***his allegations*** of harassment were his harassment/retaliation claims, not his wage-and-hour claims asserted on a class/collective basis. Id. Courts across the United States have uniformly endorsed Mera's reasoning regarding class/collective wage-and-hour claims. See Turner v. Tesla, Inc., 686 F. Supp. 3d 917 (N.D. Cal. 2023) (denying defendant's motion to compel arbitration of plaintiff's *individual* wage claims and distinguishing Mera on the grounds that plaintiff's wage and hour claims were brought "on behalf of all non-exempt employees" as compared to on behalf of only plaintiff) (internal quotations omitted); Baldwin v. TMPL Lexington LLC, 2024 WL 3862150, at *8, fn. 5 (S.D.N.Y. Aug. 19, 2024) (denying defendant's motion to compel arbitration of plaintiff's *individual* wage claims and distinguishing Mera on the grounds that plaintiff's wage and hour claims were "group claims" that were not "distinct to Plaintiff").

***Second***, separate and apart from Plaintiff's wage-and-hour class claims falling outside the purview of the EFAA, the EFAA likewise does not apply to the instant lawsuit because the CBA upon which Defendants move to compel arbitration is not a "predispute arbitration agreement," as that term is defined in the EFAA. The EFAA only applies to "predispute arbitration agreements," which is defined as "any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." 9 U.S.C.A. § 401(1). Here, the CBAs were executed in April and October 2023, though they applied retroactively from 2019 to present. See University of Hawaii Professional Assembly v. Cayetano, 183 F.3d 1096, 1100 (9th

1  Cir.1999) (finding that a new CBA applied retroactively); <u>Winery, Distillery &</u>

2  <u>Allied Workers Union, Local 186 v. E & J Gallo Winery, Inc.</u>, 857 F.2d 1353, 1357–

3  58 (9th Cir.1988) (holding that a new CBA applied retroactively to the period of

4  bargaining even though this was not explicitly stated in the CBA).  However,

5  Plaintiff's sexual assault and harassment allegations all occurred prior to the signing

6  of the CBAs.  Complaint ¶¶ 28, 35, 36, 44, 56-57.  Accordingly, the CBAs were

7  "postdispute" arbitration agreements – not "predispute" arbitration agreements, and

8  are therefore not covered by the EFAA.

9       Accordingly, any attempt by Plaintiff to avoid arbitration by pointing to the

10  EFAA necessarily fail.

11       **F.      The CBA Does Not Contemplate Class Arbitration**

12       Plaintiff's claims must be compelled to arbitration on an individual basis.  "A

13  party may not be compelled under the FAA to submit to class arbitration unless there

14  is a contractual basis for concluding that the party <u>agreed</u> to do so."  <u>Stolt-Nielsen</u>

15  <u>S.A., et al. v. Animalfeeds Int'l Corp.</u>, 559 U.S. 662, 684 (2010) (emphasis in

16  original).  In <u>Stolt-Nielsen</u>, the Supreme Court held that arbitration agreements that

17  are "silent" as to whether class proceedings are permitted cannot be interpreted as

18  allowing them in the arbitral forum.  <u>Id.</u> at 684.

19       Likewise, in <u>Lamps Plus v. Varela</u>, the U.S. Supreme Court held "[c]ourts may

20  not infer from an ambiguous agreement that parties have consented to arbitrate on a

21  classwide basis." 139 S.Ct. 1407, 1419 (2019).  The Court explained that, "[l]ike

22  silence, ambiguity does not provide a sufficient basis to conclude that parties to an

23  arbitration agreement agreed to 'sacrifice[ ] the principal advantage of arbitration.'"

24  <u>Id.</u> at 1416.  Instead, only an agreement that affirmatively and explicitly provides for

25  class arbitration can permit the use of such procedures.

26       The CBA here is not susceptible to an interpretation that class arbitration was

27  agreed upon by the parties.  First, there is no provision in the agreement that

28  expressly authorizes class arbitration.  See Dumlao Decl., at ¶ 3 & Exh, A, B.

-21-

1  Indeed, the arbitration provision does not make any reference whatsoever to "class"

2  actions, or to Plaintiff's ability to pursue claims on behalf of third parties such as

3  current and former co-workers. Id. "[T]he differences between bilateral and class-

4  action arbitration are too great … to presume ... that the parties' mere silence on the

5  issue of class-action arbitrations constitutes consent to resolve their disputes in class

6  proceedings." Stolt-Nielsen, 130 S.Ct. at 1776. As such, because the CBA does not

7  explicitly reference class procedures, the arbitration agreement cannot be interpreted

8  as permitting them.

9          Second, the language in the CBA cannot be interpreted as impliedly

10  authorizing class arbitration. Indeed, Section 5.01 refers to "***The*** aggrieved party."

11  Dumlao Decl., at ¶ 3 & Exh. A, at p. 9, Exh. B, at p. 10 (emphasis added). By

12  limiting the agreement solely to claims of a single aggrieved party, i.e. one person,

13  Section 5.01 affirmatively negates any implied contractual basis to permit class

14  arbitration. See e.g., Martinez v. Leslie's Poolmart, Inc., No. 8:14–cv–01481–CAS

15  (CWx), 2014 WL 5604974, at *4 (C.D. Cal. Nov. 3, 2014); Chico v. Hilton

16  Worldwide, Inc., No. CV 14–5750–JFW (SSx), 2014 WL 5088240, at *11-12 (C.D.

17  Cal. Oct. 7, 2014); Cortez v. Doty Bros. Equipment Co., 15 Cal.App.5th 1, 15

18  (2017) (holding that a collective bargaining agreement did not allow for class

19  arbitration where the alternative dispute procedures referred to the dispute of an

20  "individual employee," not a group of employees). Accordingly, the CBA cannot

21  reasonably be interpreted to permit Plaintiff to pursue her class claims in arbitration.

22  The class portion of Plaintiff's first through fifth claims must therefore be

23  dismissed.

24          **G.    The Arbitration Agreement Is Enforceable As To All Defendants**

25          The arbitration provision in the CBA is enforceable as to each of Defendants

26  Sports Media Services, LLC, Fox Corporation, Fox Sports Holdings, LLC, Fox

27  Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH
THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

The provision is enforceable as to Defendant Fox Corporation as a third party beneficiary of the provision.  Third party beneficiaries may enforce an arbitration agreement.  See, e.g., Fernandez v. Debt Assistance Network, LLC, No. 19-cv-1442-MMA (JLB), 2020 WL 583973, at *7 (S.D. Cal. Feb. 6, 2020).  To invoke the third party beneficiary exception to the general rule that non-signatories cannot enforce arbitration agreements, the beneficiary must demonstrate that the arbitration agreement was made expressly for their benefit.  See Vincent v. BMW of N. Am., LLC, No. CV 19-6439 AS, 2019 WL 8013093, at *5 (C.D. Cal. Nov. 26, 2019).  It is not necessary that the beneficiary be named and identified as an individual.  Instead, a third party may enforce a contract where he shows that he is a member of a class of persons for whose benefit it was made.  Id. at *5 ("Courts have held that a third party need not be named to be the beneficiary of a contract, but need only be 'more than incidentally benefitted by the contract' to qualify as a third party beneficiary").  Here, non-signatory Fox Corporation is the parent company, and is undoubtedly a member of a class of persons for whose benefit the arbitration provision was made.  Dumlao Decl., at ¶ 6.  Similarly, Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC are all affiliated entities that **share the same parent company**, and therefore are part of the class of persons for whose benefit the agreement was made.  Indeed, a court in this district has held that third-party beneficiary status applies where a plaintiff sued her former employer and its parent company but only signed an arbitration agreement with the subsidiary.  See e.g., Garcia v. GMRI, Inc., No. 12–cv–10152–DMG–PLA, 2013 WL 10156088, at *6 (C.D. Cal. May 17, 2013).  The same result is warranted here.

The arbitration provision must also be enforced as to Defendants Fox Corporation, Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC under equitable estoppel principles.  Equitable estoppel prevents a signatory to an arbitration agreement from evading arbitration

-23-

"by suing nonsignatory defendants for claims that are based on the same facts and are inherently inseparable from arbitrable claims against signatory defendants." Hughes v. S.A.W. Entm't, Ltd., No. 16-cv-03371-LB, 2019 WL 2060769, at *25 (N.D. Cal. May 9, 2019) (internal quotation marks omitted).  Plaintiff asserts every cause of action in her wage and hour complaint "Against Defendants Fox," which is defined to include all of the entity defendants.  Plaintiff's Complaint, ¶¶ 110, 116, 122, 127, 132, 138.  It follows that Plaintiff cannot credibly claim that her allegations against Sports Media Services, LLC and the remaining defendants are not based on the same facts and claims.  Indeed, the claims and allegations against each of the Defendants are inseparable.  Plaintiff should not be permitted to sue Defendants Fox Corporation, Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC, rather than her actual employer Sports Media Services, LLC, to avoid arbitration.  Thus, Sports Media Services, LLC may enforce the Agreement as to itself and Fox Corporation, Fox Sports Holdings, LLC, Fox Sports 1, LLC, Fox Sports 2, LLC, and Fox Sports Productions, LLC.

**H.    Plaintiff's Remaining Claims Must Be Stayed Pending The Outcome Of The Individual Arbitration**

Under the FAA, when there exists "any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (emphasis added).  "***The stay provision is mandatory:*** 'If the issues in a case are within the reach of the Agreement, the district court has no discretion under section 3 to deny the stay.'"  Anderson v. Pitney Bowes, Inc., 2005 WL 1048700, at *6 (N.D. Cal. 2005) (emphasis added); Han v. Synergy Homecare Franchising, LLC, 2017 WL 446881, at *12 (N.D. Cal.

-24-

1   Feb. 2, 2017) (staying action pursuant to Section 3 of the FAA pending arbitration);

2   Maharaj v. Charter Commc'ns, Inc., No. 20-cv-00064-BAS-LL, 2021 WL 5014352,

3   at *10-11 (S.D. Cal. Oct. 27, 2021) (same); Crafty Prods., Inc. v. Fuqing Sanxing

4   Crafts Co., No. 15-cv-719-BAS-JLB, 2016 WL 5720684, at *4 (S.D. Cal. Sept. 30,

5   2016) (same); see also Mera v. SA Hosp. Grp., LLC, 675 F. Supp. 3d 442, 448

6   (S.D.N.Y. 2023) (granting defendant's motion to compel arbitration of the

7   collective/class wage-and-hour claims *and staying plaintiff's sexual harassment*

8   *claims* pending the arbitration).  Accordingly, this Court should stay the litigation of

9   Plaintiff's first, third, and seventh through fourteenth claims pending the arbitration

10   of the balance of Plaintiff's claims on an individual basis.

11   **V.    CONCLUSION**

12         For the foregoing reasons, and based upon the arguments and authorities cited

13   herein, Defendants respectfully request that this Court enter an order dismissing

14   Plaintiff's second cause of action, and her fourth, fifth, and sixth causes of action to

15   the extent they are derivative of her overtime claim.  Alternatively, Defendants

16   request that this Court enter an order compelling Plaintiff to comply with the CBA,

17   including Steps One and Two, and if unsuccessful, compelling her second, fourth,

18   fifth, and sixth claims to arbitration on an individual basis, dismissing those claims,

19   including the class portion of those claims, from this litigation with prejudice, and

20   staying the litigation of Plaintiff's first, third, and seventh through fourteenth claims

21   pending the outcome of the individual arbitration.

22

23

24

25

26

27

28

-25-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION

1 | Dated: February 21, 2025

2 |                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |                By

4 |                           TRACEY A. KENNEDY

5 |                           ROBERT MUSSIG

6 |                           RYAN J. KRUEGER

7 |                           TYLER JOHNSON

                          MICHAELA R. GOLDSTEIN

8 |

9 |                            Attorneys for Defendants

10 |                  SPORTS MEDIA SERVICES, LLC (erroneously named and served as FOX CORPORATION), FOX SPORTS HOLDINGS, LLC, FOX SPORTS 1, LLC, FOX SPORTS 2, LLC, and FOX SPORTS PRODUCTIONS, LLC

11 |

12 |

13 |

...

-26-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH THE COLLECTIVE BARGAINING AGREEMENT, INCLUDING ARBITRATION